MATTHEW B. CANNON, Judge of Probate, &c. *v.* P. BENSON et al.

It has repeatedly been held by this court, that distributees are not entitled to claim distribution until a final settlement has been made with the probate court, unless they have first executed, or offered to execute, a refunding bond before action brought.

The same provision of the statute is applicable to legatees. Hutch. Code, 665, § 91, &c.

IN error from the circuit court of Lawrence county; Hon. John Watts, judge.

The opinion contains the facts of the case.

No counsel for appellants.

*Adams* and *Dixon*, for appellee,
Cited Hutch. Code, 665, § 91, &c.; 17 Verm. 244; 9 Ib. 407;

*Treat* v. *Stanton*, 14 Conn. 445; *Weathers* v. *Ray*, 4 Dana, 474; *Lillard* v. *Rucker*, 9 Yerg. 64.

Mr. Justice HANDY delivered the opinion of the court.

This was an action brought by the usees of the plaintiff, as residuary legatees of one Herod Benson, deceased, against the defendants, as executors, upon their testamentary bond, alleging that the executors had not returned a true inventory of the property of the estate, but had omitted to return certain specified property, and had converted it to their own use. The defendants demurred to the declaration, on the ground that it did not show either that the relators had executed a refunding bond to the executors, or offered to do so, or that there had been a final settlement of their account, as executors, in the probate court.

The court below sustained the demurrer, and hence the case is brought to this court.

It has repeatedly been held by this court, that distributees are not entitled to claim distribution until a final settlement has been made with the probate court, unless they have executed, or offered to execute a refunding bond *before action brought.* 2 How. 808, 972; 1 S. & M. 546, 556.

The same provision of the statute is applicable to legatees. Hutch. 665, §§ 91, 92.

No injury will accrue to the parties entitled to the estate, under these provisions of law. For they have a right to compel the executor to return a correct inventory, by petition to the probate court; and when all the assets and property are brought under the control of the court, the parties entitled can have it divided among them, under the authority of the court; or after final settlement, they can recover their portions, by suit, upon the administration bond, or even before final settlement, by executing refunding bonds.

The judgment is affirmed.